**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND TAKHSH, SHERVINA TAKHSH, Petitioners, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 06-73809 Agency Nos. A76-369-012, A76-369-011 MEMORANDUM [*] |

On Petition for Review from Orders of the
Board of Immigration Appeals

Submitted November 3, 2010[**]
San Francisco, California

Before: RYMER and ALARCON, Circuit Judges, and TRAGER,[***] District

Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Ramond Takhsh and his sister Shervina Takhsh petition for review of the decision of the Board of Immigration Appeals ("BIA") denying them withholding of removal to the United Kingdom. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny their petition.

In their petition for review, petitioners claim that the exclusion of dependents from derivative status for withholding of removal is unconstitutional. Specifically, petitioners argue that Congress' decision to provide derivative relief to the dependents of asylum recipients but not to the dependents of withholding of removal recipients violates equal protection. Aside from the lack of merit in this argument, petitioners do not have standing to raise this claim because a favorable ruling from this court would not redress petitioners' removability to the United Kingdom.

To meet the requirements for constitutional standing, a party must demonstrate, among other factors, a likelihood that a favorable decision will redress the injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Even assuming that this court found that the lack of derivative withholding of removal violates equal protection, petitioners' removability to the United Kingdom would still not be redressed. Notably, withholding of removal is a country-specific remedy and only forbids removal to the country of persecution. See

2

Immigration and Nationality Act § 241(b)(3)(A); 8 U.S.C. § 1231(b)(3)(A); see also I.N.S. v. Aguirre-Aguirre, 526 U.S. 415, 419 (1999). Here, petitioners' parents were granted withholding of removal specifically to Iran, and not to the United Kingdom. Petitioners, however, are requesting withholding of removal to the United Kingdom, and in fact concede that, as citizens of the United Kingdom, there is no threat that they will be sent to Iran or that they will suffer persecution if removed to the United Kingdom. Thus, even if petitioners were granted the same withholding of removal as their parents, that is, to Iran, they would still be removable to the United Kingdom. Therefore, because petitioners fail to show that a favorable decision on this issue would have any bearing on their removability to the United Kingdom, they lack standing to bring their equal protection claim.

Petitioners also argue that the I-589, the application for asylum and withholding of removal, violates due process because the I-589, which combines both types of claims into a single form, misled petitioners into believing that derivative relief was available for withholding of removal even though such relief is only available for asylum. To succeed in a due process claim, an alien must show, inter alia, "that the outcome of the proceeding may have been affected by the alleged violation." Colmenar v. INS, 210 F.3d 967, 971 (9th Cir. 2000). Petitioners cannot show any such prejudice because even if they had filed

3

individual applications they still would not have been eligible for withholding of removal to the United Kingdom. Specifically, petitioners do not allege any persecution in the United Kingdom. As such, their petition is denied.

**PETITION FOR REVIEW DENIED.**